Sarah **WALKER**, Plaintiff,

v.

**THI OF NEW MEXICO AT HOBBS CENTER d/b/a Hobbs Health Care Center, Diana Melton, Jaime Andujo, Debbie Lothridge, Karen Hood, THI of New Mexico, LLC, Fundamental Clinical Consulting, LLC, and Fundamental Administrative Services, LLC, Defendants.**

**No. CIV 09–0060 JB/RLP.**

United States District Court, D. New Mexico.

April 7, 2011.

Daniel Yohalem, Richard Rosenstock, Katherine E. Murray, Santa Fe, NM, for Plaintiff.

R. Shawn Oller, Christie L. Kriegsfeld, Littler Mendelson, Phoenix, AR, for Defendants.

Danny Jarrett, Trent A. Howell, Jackson Lewis, LLP, Albuquerque, NM, for Defendants, THI of New Mexico at Hobbs Center, LLC and THI of New Mexico, LLC.

Barbara G. Stephenson, Quentin Smith, Sheehan & Sheehan, P.A., Albuquerque, NM, for Defendants, Fundamental Administrative Services, LLC, Karen Hood (Miller), Debbie Lothridge, and Diana Melton.

John A. Bannerman, Margaret A. Graham, Bannerman & Johnson, P.A., Albuquerque, NM, for Defendants, Jaime Andujo and Fundamental Clinical Consulting, LLC.

### MEMORANDUM OPINION AND ORDER

JAMES O. BROWNING, District Judge.

**THIS MATTER** comes before the Court on the Defendants THI of New Mexico at Hobbs Center, Fundamental Clinical Consulting, LLC and Fundamental Administrative Services, LLC Motion for Protective Order, filed January 14, 2011 (Doc. 170). The Court held a hearing on March 11, 2011. The primary issues are: (i) whether the Court should grant a protective order barring Plaintiff Sarah Walker's counsel from engaging in ex parte communications with Defendants THI of New Mexico at Hobbs Center, Fundamental Clinical Consulting, LLC and Fundamental Administrative Services, LLC's employees in violation of rule 16–402 of the New Mexico Rules Annotated; and (ii) whether the Court should order Walker's counsel to pay THI of New Mexico at Hobbs Center's, Fundamental Clinical Consulting, LLC's and Fundamental Administrative Services, LLC's attorneys' fees and costs. Rule 16–402 of the New Mexico Rules Annotated states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer *knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order. Except for persons having a managerial responsibility on behalf of the organization, an attorney is not prohibited from communicating directly with employees of a corporation, partnership or other entity about the subject matter of the representation even though the corporation, partnership or entity itself is represented by counsel.

NMRA 16–402 (emphasis added). The committee commentary states:

> In the case of a represented organization, this rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to

obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. Consent of the organization's lawyer is not required for communication with a former constituent. If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this rule.

NMRA 16–402 committee commentary note 7. The Court believes that the requirement of knowing in rule 16–402 is very important. The Court is not convinced that, given the circumstances, Walker's counsel could have known that the cafeteria worker for whom they left a voice-mail message had authority as a cafeteria worker to obligate the organization with respect to the matter in which they were interested. Given this lack of knowledge, the Court will not find a violation of NMRA 16–402. For these reasons, the reasons stated on the record, and for further reasons consistent with those already stated, the Court will deny the Defendants' requests for a protective order and attorneys' fees and costs.

**IT IS ORDERED** that Defendants THI of New Mexico at Hobbs Center, Fundamental Clinical Consulting, LLC and Fundamental Administrative Services, LLC Motion for Protective Order, filed January 14, 2011 (Doc. 170) is denied.